COUNTY LAW §§ 400, 411, 671, 673(1), 674(1), VILLAGE LAW § 3-301.
The positions of county coroner and village trustee are compatible.
James C. Tomasi, Esq. Informal Opinion County Attorney No. 95-33 County of Washington 70 Main Street Salem, N Y 12865
Dear Mr. Tomasi:
You have asked whether a person may hold simultaneously the positions of village trustee and county coroner.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The village board of trustees serves as the village's legislative body. The board of trustees are elective officers. Village Law §3-301(3).
With exceptions not relevant here, the coroner is an elective position. County Law § 400. The coroner has authority to investigate a death occurring within the county or where the body is found within the county under circumstances where the death appears to be:
 (a) A violent death, whether by criminal violence, suicide or casualty;
 (b) A death caused by unlawful act or criminal neglect;
 (c) A death occurring in a suspicious, unusual or unexplained manner;
(d) A death caused by suspected criminal abortion;
 (e) A death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death as provided in public health law and in form as prescribed by the commissioner of health can be found;
 (f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home.
County Law § 673(1). Additionally, the coroner investigates unnatural deaths and deaths of inmates of a correctional facility. Id., § 671.
When a coroner is informed of a death within his jurisdiction, he is required to go at once to the body and take charge of it. Id., § 674(1).
Section 411 of the County Law prohibits any elective county officer from holding any other elective county or town office, or the office of city supervisor. Notably, village offices are omitted from this provision. In any event, we see no incompatibility between the duties of these two positions. See, 1989 Op Atty Gen (Inf) 124; contrast, Informal Opinions Nos. 92-32, 92-35 and 87-30. Our conclusion is not altered by the fact that when acting as village trustee, the individual would be required immediately to attend to his coroner duties upon the occurrence of a death within his jurisdiction.
We conclude that the positions of county coroner and village trustee are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions